1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO
3
4

MIGUEL  CUADRA-LA-FUENTE,  M&M
AGRICULTURAL ENTERPRISE, INC.,

     Plaintiffs,                                                                     Civil No. 14-1245 (JAF)

     v.

THOMAS JAMES VILSACK, U.S. ATTY
ROSA EMILIA RODRÍGUEZ,

     Defendants.

5
6  **OPINION AND ORDER**

7  Plaintiffs Miguel Cuadra-La-Fuente ("Cuadra-La-Fuente") and M&M Agricultural

8  Enterprise, Inc. ("M&M") (collectively "Plaintiffs"),[1] are suing Defendants Thomas

9  James Vilsack, the Secretary of the United States Department of Agriculture ("Vilsack"),

10  and  United  States  Attorney  Rosa  Emilia  Rodríguez  ("Rodríguez")  (collectively

11  "Defendants").  Plaintiffs purport to sue Defendants

12            pursuant to 28 U.S.C. 2201; 28 USC 1491 (a)(1), 28 USC
13            1331, 15 U.S.C. 1691 a, 42 USC2000d, 5 USC 706, 42 USC
14            1988,  Violation  of  First  Amendment  Rights,  Unjust
15            Enrichment, violations of 42 USC 1985, and jurisdiction is
16            also proper as the Breach of Contract by the Unites States of
17            America  or  one  of  its  agencies  (defendants)  constitutes  a
18            Federal Question.
19
20  (Docket No. 1 at 1) (sic).  Defendants ask that we dismiss the complaint for (1) lack of

21  subject matter jurisdiction under the Tucker Act, (2) lack of subject matter jurisdiction for

22  failure to exhaust administrative remedies, and (3) lack of *in personam* jurisdiction and

---

[1] The first sentence of the complaint also mentions Maribel Pagán.  However, she is not listed as one of the parties in the corresponding section of the brief and is not discussed in the complaint.  (*See* Docket No. 1.) Therefore, we do not include her as a party.

Civil No. 14-1245 (JAF)                                                                                   -2-

1    insufficient service of process.  (Docket No. 14).  Because Plaintiffs failed to properly

2    serve Defendants, we grant the dismissal for lack of personal jurisdiction.

3                                                   **I.**

4                                      **<u>Factual Background</u>**

5              When considering a motion to dismiss, we must construe the complaint in the

6    plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable

7    inferences in favor of the plaintiff.  *Rodríguez-Ramos v. Hernández-Gregorat*, 685 F.3d

8    34, 39-40 (1st Cir. 2010) (internal citation omitted).  However, because we dismiss the

9    case for lack of personal jurisdiction, we need not examine the substantive facts of the

10   case at this point in time. [2]

11                                                  **II.**

12                                   **<u>Procedural Background</u>**

13             On March 31, 2014, Plaintiffs filed a complaint against Defendants in federal

14   court.    (Docket No. 1.)    Plaintiffs first improperly filed and submitted improper

15   summons.  (*See* Docket Nos. 2, 3, 8.)  We extended the service of process deadline to

16   August 5, 2014, to correct these errors.  (Docket No. 9.) On July 24, 2014, summons was

17   served upon Rodríguez.  (Docket No. 11.)  On September 12, 2014, Defendants filed a

18   motion alternatively (1) arguing that the case should be dismissed for lack of proper

19   service or (2) asking for an extension of time to answer.  (Docket No. 12.)  We issued an

20   order stating that we did not have before us a specific motion to vacate or strike service

---

[2] We note for any future filings that counsel for Plaintiffs repeatedly violates his own naming conventions and uses "plaintiff" interchangeably for both the person and the corporation, making it extremely difficult to discern which plaintiff is being referenced.  This is extremely confusing and should be avoided in any future filings.  (*See* Docket No. 1.)

Civil No. 14-1245 (JAF)                                                                -3-

1    of process and, therefore, we simply granted the extension to Defendants.   (Docket

2    No. 13.)

3          On October 22, 2014, Defendants filed the instant motion to dismiss for (1) lack of

4    subject matter jurisdiction under the Tucker Act, (2) lack of subject matter jurisdiction for

5    failure to exhaust administrative remedies, and (3) lack of *in personam* jurisdiction and

6    insufficient service of process.  (Docket No. 14).  On November 28, 2014, Plaintiffs filed

7    a response in opposition to the motion to dismiss.  (Docket No. 21.)  On December 10,

8    2014, Defendants filed a reply.  (Docket No. 24.)

9                                            **III.**

10                  ***In Personam* Jurisdiction and Service of Process**

11         As stated in Rule 4 of the Federal Rules of Civil Procedure, when serving the

12   United States and its agencies, corporations, officers, or employees, there are certain

13   requirements.

14         To serve the United States, a party must (a) "deliver a copy of the summons and of

15   the complaint to the United States attorney for the district where the action is brought,"

16   and (b) "send a copy of each by registered or certified mail to the Attorney General of the

17   United States at Washington D.C.; and" (c) send a copy by registered or certified mail to

18   the agency or officer if the action challenges an order of a nonparty agency or officer.

19   FED. R. CIV. P. 4(i) (emphasis ours).  Plaintiffs failed to do this.  Although Plaintiffs

20   delivered a copy of the summons and of the complaint to the United States Attorney for

21   Puerto Rico (Docket No. 11), Plaintiffs failed to send copies to the Attorney General of

22   the United States at Washington, D.C., as required by the rule.  Defendants submit emails

Civil No. 14-1245 (JAF)                                                                        -4-

1    stating that summons were never received in Washington D.C., and Plaintiffs never

2    submitted an executed summons for the Attorney General to prove otherwise.  (Docket

3    No. 14-2.)  It appears that rather than sending the summons for the Attorney General to

4    Washington, D.C., Plaintiffs attempted to give his summons to the United States Attorney

5    in San Juan, which does not meet the requirements of the rule.  (*See* Docket No. 14 at 8.)

6    Therefore, the United States was not properly served in this case and must be dismissed

7    as a party.

8         When serving an agency, corporation, officer, or employee in their official

9    capacity, "a party must serve the United States and also send a copy of the summons and

10   of the complaint by registered or certified mail to the agency, corporation, officer, or

11   employee."  FED. R. CIV. P. 4(i).  We have already established that the United States was

12   improperly served, which means that Vilsack, who was sued in his official capacity as

13   Secretary of the USDA, must also be dismissed as a party.  Even if this were not the case,

14   the rule requires that a copy of the summons and of the complaint must be sent by

15   registered or certified mail to the agency, corporation, officer, or employee.  FED. R. CIV.

16   P. 4(i).  This was not done.  Defendants submit emails stating that Vilsack was not

17   served, and Plaintiffs have not submitted an executed summons for him.  (Docket No. 14-

18   2.)  It appears that rather than sending the summons for Vilsack to the agency

19   headquarters in Washington, D.C., Plaintiffs attempted to only give his summons to the

20   United States Attorney in San Juan, which does not meet the requirements of the rule.

21   (*See* Docket No. 14 at 8.)  Either failure alone would have been sufficient to dismiss

22   Vilsack as a party.

Civil No. 14-1245 (JAF)                                                                                      -5-

1    Because there was insufficient service of process, there is no personal jurisdiction

2    over Defendants.  Therefore, the causes of action against them are dismissed.  According

3    to the Federal Rules, this action is dismissed without prejudice. FED. R. CIV. PRO. 4(m).

4                                                            **IV.**

5    **Lack of Subject Matter Jurisdiction Under the Tucker Act and Lack of Subject**
6    **Matter Jurisdiction for Failure to Exhaust Administrative Remedies**
7
8    Because there is no personal jurisdiction over Defendants, the question of subject

9    matter jurisdiction is moot.

10                                                          **V.**

11                                                    **Conclusion**

12   For the foregoing reasons, we **GRANT** Defendants' motion to dismiss (Docket

13   No. 14).  Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

14   **IT IS SO ORDERED.**

15   San Juan, Puerto Rico, this 16th day of January, 2015.

16                                                                        S/José Antonio Fusté
17                                                                        JOSE ANTONIO FUSTE
18                                                                        U. S. DISTRICT JUDGE